**JING LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2886–ag.

United States Court of Appeals, Second Circuit.

May 29, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Lin, a native and citizen of the People's Republic of China, seeks review of a June 2, 2006 order of the BIA affirming the March 8, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Lin's application for asylum and withholding of removal, and finding that Lin filed a frivolous asylum application. *In re Jing Lin*, No. A 76 526 375 (B. I.A. June 2, 2006), *aff'g* No. A 76 526 375 (Immig. Ct. N.Y. City March 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to

the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that bear a legitimate nexus to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Our review of this case leads us to conclude that substantial evidence supports the IJ's adverse credibility determination. The IJ accurately observed that Lin testified that he helped his wife to escape family planning officials, but that she was forced to have an abortion after he left China. This testimony was inconsistent with statements he made during his airport interview, indicating that his girlfriend underwent a forced abortion while he remained in China. The IJ properly relied upon these inconsistencies between Lin's testimony and his airport statement because "the record of the interview indicates that it presents an accurate record of [Lin's] statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire*, 357 F.3d at 179. Indeed, the record contains a complete, verbatim transcript of the interview, which was conducted in Mandarin, and there is no suggestion of coercion. While Lin suggested that any inconsistency was the result of translation errors, the IJ reasonably rejected this explanation as the record contains no indication that Lin had any difficulty understanding the interpreter. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's

explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, the noted inconsistencies, which went to the heart of Lin's claim, were a proper basis for the IJ's adverse credibility finding. *See Ramsameachire*, 357 F.3d at 181; *Secaida–Rosales*, 331 F.3d at 308.

Additionally, the IJ appropriately considered the following factors in rendering his adverse credibility finding: inconsistent testimony regarding when family planning officials came to Lin's home; the implausibility of how Lin and his wife evaded capture; and inconsistent testimony as to when Lin left China for the United States. Because the above discrepancies involved the crux of Lin's claim that he suffered past persecution under China's coercive family planning policy, they formed a proper basis for the IJ's adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 308. Because the record also supports the IJ's finding that Lin was at times unresponsive, the IJ reasonably found that Lin's demeanor further undermined his credibility. *See Zhou Yun Zhang*, 386 F.3d at 73. Because the IJ did not err in reaching his adverse credibility finding, his denial of Lin's application for asylum was supported by substantial evidence. Moreover, as the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his withholding of removal claim. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006).

■ Although we uphold the agency's denial of asylum and withholding, we nonetheless remand this case to allow the agency to reconsider its frivolousness finding in light of *In re Y–L*, 24 I. & N. Dec. 151 (BIA Apr. 25, 2007.) Despite the govern-

ment's argument, we are not without jurisdiction to review that finding as the issue was sufficiently exhausted in Lin's *pro se* brief to the BIA. *See generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments); *Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007) (construing "generously" an alien's *pro se* brief to the BIA).

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the decision of the BIA is VACATED, in part, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).